Wood v. Neely.

## R. H. WOOD, Ex'r, v. R. P. and J. J. NEELY.

1. BILLS AND NOTES. *Vendor's lien. Statute of limitations.* The holder of notes, by assignment, given for the purchase money of land, will not be barred by the statute of limitations in their collection, where a lien was retained by the vendor on the face of the deed for payment of the purchase money, the lien in such case accompanies the transfer of the notes.

Cases cited: Thompson *v.* Pyland, 3 Head, 539; Gudger *v.* Barnes, 4 Heis., 580; Ray *v.* Goodman, 1 Sneed, 587.

2. SAME. *Non assignavit. Burden of proof. Incompetency of assignor. Pleading. Practice.* When the transfer of a note is admitted, but the competency of the assignor to make such assignment is denied, in such case the party making the affirmative allegation assumes the burden of proving it. The court say: "It might be a serious question as to whether a third party could avoid the assignment on the ground alleged, not being a privy of the assignor.

Cases cited: Shaw *v.* Brown, 1 Tenn., 249; Richardson *v.* Cato, 9 Hum., 466; Whitesides *v.* Caldwell, 9 Yer., 421; Carter *v.* Turner, 5 Sneed, 182; Brown *v.* Phelon, 2 Swan, 629.

3. SUPREME COURT. *Practice in. Remanding of cause. What is sufficient grounds.* Where a party has a clear right, so that injustice will be done by dismissing his bill, but his suit fails from a neglect not culpable, it is the duty of the court to remand in such case, that justice can be done.

Code cited: Sec. 3170.

No record found.

FREEMAN, J., delivered the opinion of the court.

Knuckolls sold and conveyed a tract of land, by deed, to defendants, reserving a lien on the face of the deed for payment of the purchase money.

This bill was filed by Bills, alleging that the note sued on was given for the purchase money of the

Wood *v.* Neely.

land, and had been assigned by Knuckolls to J. H. Bills & Son, and afterwards L. H. Bills, the son, had assigned his interest in the same to complainant.

A demurrer was filed, which raises two questions only that need be noticed.

1. That the lien did not pass by assignment of the notes.

2. That the same was barred by the statute of limitations, "being a claim to land," the note being due the 25th of December, 1859, and the bill filed August 9, 1869.

As to the first point, it has been long settled that where the vendor has not parted with the legal title, or has taken a mortgage, or has retained an express lien, by agreement, that the lien accompanies an assignment of the purchaser's note for the purchase money. *Thompson* v. *Pyland*, 3 Head, 539.

As to the second point. In the case of *Gudger et al.* v. *Barnes*, 4 Heis., 580, after a full and elaborate investigation of the question, we held that in a case of a title-bond, where the legal title was retained as security for the purchase money, that the lien thus retained was not a claim for land, and was not barred by the fact that the purchaser held possession of the land under his contract for seven years. In this case we overruled the case of *Ray* v. *Goodman*, 1 Sneed, 587, on the distinct ground that the vendor held his lien in pursuance of the contract of the parties, and the vendee held his land likewise in pursuance of the same contract, and not adversely to the right of the vendor, and therefore the statute of limitations could

not operate to perfect a right in him, or to defeat the right of the vendor, against which there had been no adverse holding or antagonism asserted. We also laid it down distinctly, that this "applies with perfect accuracy to the lien of the vendor, whether retained on the face of the deed, or created by contract by retention of the legal title for the payment of the purchase money." With the principle thus laid down, and the reasoning on which it is based, we are satisfied, and hold it conclusive against the defendants in this case on the point under discussion.

The next question presented is, that the answer denies that the complainant is the assignee of the note, and there is no proof of such assignment.

The allegation of the answer is, that the defendants deny that Knuckolls, the payee of the note, made any *valid* assignment or transfer of the note, and aver that at the time said assignment purports to have been made said Knuckolls was incapable of making a valid assignment or trade of any kind, being *non compos mentis*, etc., which is alleged to have been well known to complainant at the time.

It has been settled, by a series of unbroken decisions commencing with the case of *Shaw* v. *Brown & Terry*, 1 Tenn., 249, that the assignment of a note or other obligation may be put in issue by a plea of *non assignavit*, and need not be on oath, when the assignment denied is not one made by the party filing the plea, but is the assignment of some third party. 9 Yer., 421; 9 Hum., 466. When the fact of the assignment is thus put in issue by a simple denial,

Wood *v.* Neely.

it devolves on the party claiming under it to prove it. This is very clear, but in this case the respondents have not put in a simple denial of the assignment; have admitted that it was made, but assert its invalidity by reason of affirmative matter alleged, to-wit, the fact of the incompetency of the assignor to make it by reason of his lunacy. In such a case, the party making the affirmative allegation, assumes the burden of proving it, as in the well-known case of what is known as an affirmative or special plea of *non est factum.* See *Carter* v. *Turner*, 5 Sneed, 182; 2 Swan, 629. The matter alleged is by way of confession and avoidance, and should have been proved by the respondents under their allegation. It might be a serious question, as to whether a third party could avoid the assignment on the ground alleged, not being a privy of the assignor.

So much for this particular allegation. But the respondents in this answer, in addition to the above special allegation, go on to deny that the note was transferred at all. The answer not being under oath, is not evidence, but does make an issue on this point, and puts the complainant on the proof of the fact. This they have failed to make, evidently by an oversight; but, upon well settled principles, the case must be reversed.

There is also error in ordering the land to be sold without redemption, there being no prayer for this in the bill.

- It is insisted, however, that, in any event, we should remand the case in order to give complainant

an opportunity to prove the assignment of the note to him.

By sec. 3170 of the Code, it is provided: "The court shall also, in all cases where, in its opinion, complete justice cannot be had, by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right."

We think this a proper case to remand under the above section. The complainant has possession of the note, is *prima facie* its owner; it was given for the land, has not been paid, and he is entitled to the lien retained if he owns the note. It appears clearly that in the court below the contest was over the question of statute of limitations, and whether the lien passed by assignment of the note, counsels' attention not being called to the point now urged, as they could have proven the assignment on the trial, probably, as an exhibit to the bill. We see that the failure was an oversight, and we can see no evidence of culpable negligence in such an oversight. As a matter of course there must always be some neglect in every oversight, therefore the qualification of the statute requiring it to be culpable. If there was no negligence the case of oversight could never occur as provided for, and the case would come up complete. The true principle of the statute is, that where we can see the party has a clear right, so that injustice will be done by dismissing his bill, but his suit fails

from a neglect not culpable, it is the duty of the court to remand, that justice may be done. Such is this case. It must be reversed and remanded to be proceeded in under this opinion, the complainant paying the costs of this court, costs below to abide the decree of the Chancellor.