## HURLEY & SON *v.* JACOB BUCHI.

1. DAMAGES. *Speculative.* Plaintiff purchased potatoes from defendant which were represented as "Early Rose" potatoes, when in fact they were a later and different kind. Plaintiff was a gardner and wanted potatoes for early market. He sued defendant for damages. *Held*, he could only recover the difference in value. He could not recover speculative damages.

2. SUPREME COURT PRACTICE. *Remanding causes.* The practice of the Supreme Court is to enter a final judgment in that court upon an appeal from a judgment in a case submitted to the Judge without a jury, yet where no final judgment can be entered so as to obtain the justice of the case, it will be remanded for another trial.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. N. BAXTER, J.

J. M. DICKINSON for Hurley & Son.

———— for Buchi.

DEADERICK, C. J., delivered the opinion of the court.

Buchi, the plaintiff below, sued Hurley & Son before a justice of the peace to recover damages for " selling to him potatoes that were not according to his order."

Upon judgment being rendered against them, Hurley & Son appealed to the Law Court of Davidson county. There the case was tried by Special Judge, Morris, without the intervention of a jury, who rendered a judgment for $150 against Hurley & Son, and they have appealed to this court.

The cause of action as stated in the warrant, was that defendants sold some potatoes to plaintiff which were not of the kind ordered.

The grounds of recovery insisted on and allowed by the Special Judge, were that the plaintiff, a market gardner, applied to defendants to buy "Early Rose" potatoes, and bought of them ten barrels which they represented as the "Early Rose." That they were informed that the purchaser wished that kind to plant for the early market; that the Early Rose would mature about the middle of June, and the kind actually delivered, although planted in due time and well cultivated, did not mature until in August; that the " Early Rose," when they matured, were worth $3.50 to $4.00 per barrel, and the others at their maturity were worth $1.00 per barrel. Upon the foregoing

facts the court allowed the plaintiff for six barrels as the probable product of each barrel planted, the difference in price between the "Early Rose" $3.50, and the kind bought of defendants at $1.00 per barrel. making $150, for which he rendered judgment.

It is objected first by appellant, that they sued Buchi upon an account and that he set up this claim now sued on, in abatement of plaintiff's demand, and the same was passed upon and disallowed by the jury. And it is claimed that he is thereby estopped to bring suit thereon. But the case in which it was sought to recoup was not the one in which the rights of recoupment, if any, arose, and it was so adjudged in that case. The potatoes had been paid for, and that suit was upon a wholly different claim.

Such a defense can only avail upon matter arising out of plaintiff's demand, for which he is entitled to recover in a cross action: Code, sec. 2918; Meigs Digest, sec. 2491, and cases there cited. This defense was rejected by the court as inadmissible in that case, and the plaintiff in this case is not estopped to sue to recover damages, which he was not allowed to claim, in the suit against him, and which were not passed upon by the jury in that case.

But the more important question in the case is, whether the court erred in holding, that in this action the plaintiff was entitled to recover as damages, the increased value of the potatoes he would have raised and sold if the seed delivered had been of the "Early Rose," over the variety actually delivered, raised and sold by him? This difference in the product of ten

barrels planted was estimated at $150, for which the judgment was rendered.

In arriving at this conclusion, his Honor assumes, that if the "Early Rose" had been delivered, they would have been planted, cultivated and have matured at a given time, to-wit, the middle of June, and were then worth $3.50 per barrel, whereas the variety actually planted yielded six barrels for each barrel planted, and were worth, when they matured in August, but $1.00 per barrel.

There are cases in which such speculative profits are held to constitute the measure of damages. But this court has adopted a different rule. One Pattee brought suit in Wilson county against the Tennessee Manufacturing Company for balance due on machinery furnished them for a cotton factory. The machinery had not been delivered as early as plaintiff had agreed to deliver it. And defendants insisted they had a right to recoup plaintiffs recovery to the extent that they had sustained damage by such failure; and that they were entitled to an abatement for profits they could have made by running their mill if the machinery had been delivered at the time stipulated, or to the extent of capital paid in, and drawing interest.

The circuit judge charged the jury that the claims for recoupment ought to be such as the defendants could maintain a cross action for, against the plaintiff, and that such action would not lie for "delay in business," or for speculative profits, and that the claim for recoupment could not be maintained.

The Hon. F. B. Fogg, Special Judge, delivered

the opinion of the court, approving the charge of his Honor, the circuit judge, and citing a number of cases in support of his conclusions, and holding that damages for breaches of contract are only those which are incidental to, and directly caused by the breach, and may reasonably be supposed to have entered into the contemplation of the parties, and not speculative profits, or accidental or consequential losses; that an allowance of damages upon the basis of a calculation of profits would be inadmissible, such profits are too speculative and uncertain to make them the measure of damages: 1 Sneed, 381.

His Honor adds: "If speculative profits or losses of interest upon capital are to be taken into view in the assessment of damages, they should be expressly stipulated for in the contract itself." The same doctrine is held in another case in 1 Sneed, 515, also in 1 Cold., 515; 9 Heis., 100.

The principles in respect to speculative profits in the cases cited, seem quite as applicable to the facts of this case, as to facts in these cases, in which they are announced.

If the potatoes contracted for were worth more than those delivered, he would be entitled to recover the difference in value. How this is the evidence does not disclose. And although where the law and facts of a case are submitted to the judge without a jury, our judgment here is usually made final, when it appears the whole case is presented by the record. Yet the present aspect of this case is such as that a final judgment cannot be rendered, so as to obtain the jus-

Railroad v. Foster.

tice of the case, without evidence as to the relative value of the articles contracted for and those delivered.

The judgment will be reversed for error in the rulings of the court on the legal question, and cause remanded. Defendant in error will pay costs of this court.