M. W. SETTLE, Executrix, *et al. v.* JAMES MARLOW.

1. EJECTMENT. *Effect of a decree divesting and vesting title.* The purpose of a decree will be looked to in considering its effects, and the purpose clearly appearing, will operate against the parties to the suit.

2. PRACTICE IN THE SUPREME COURT. While the general practice in the Supreme Court on reversal or finding error in the judgment of a circuit judge, where he has tried a case without a jury, is to render such judgment as ought to have been rendered, yet when the court sees that justice and right requires that the case be remanded, it is always so done.

FROM JACKSON.

Appeal in error from the Circuit Court of Jackson county.    N. W. McCONNELL, J.

W. H. WILLIAMSON and MARTIN & BEARD for Settle.

BANCROFT MURRAY and VERTREES & VERTREES for Marlow.

FREEMAN, J., delivered the opinion of the court.

This is an action of ejectment from the circuit court of Jackson county. The declaration has two counts, one seemingly in the name of the single plaintiff, M. W. Settle, executrix of Leroy B. Settle, and the other in the name of the plaintiffs, to-wit, M. W. Settle, executrix of Leroy B. Settle, Willis Settle and Jennie Rosseau, who are named as plaintiffs in the writ.

The declaration does not specify the character of the title of the one plaintiff, the executrix, nor of the co-plaintiffs. The case was tried by the circuit judge without the intervention of a jury, who rendered a judgment in favor of the defendants.

From the bill of exceptions we see clearly this judgment was based alone on the construction of a certain chancery decree found in the record. His Honor held that "the title to the land sued for in the chancery case, had not been divested out of Joshua R. Stone, a trustee, under a deed of trust, but remained outstanding in him, and therefore the court was of the opinion the plaintiffs failed to make out their case by showing the legal title in themselves."

This statement of the ground of his Honor's judgment is preceded by the following: "The court found for the plaintiffs upon all questions arising in the case, except as to the sufficiency of the chancery record introduced by plaintiffs."

The record shows that plaintiffs deraigned a paper

title complete down to this record, the decree in question showing the land to have been sold to enforce the deed of trust in which Stone was trustee, and the land bought by Leroy B. Settle, and the title vested in him as purchaser. Now the Referees recommend a reversal of his Honor's holding on the construction of the decree, and report the decree did vest the title in said Settle. In this we think they were correct, such evidently was the purpose of the decree, and Stone being a party to it, that purpose clearly appearing, operates against him.

But the Referees then find that the judgment of the circuit judge, notwithstanding this should be affirmed in favor of defendants because it does not appear from this bill of exceptions, that plaintiffs are either heirs or devisees of Leroy B. Settle, the purchaser, and the bill of exceptions has the usual conclusion. "This was all the evidence in the cause." The practice of this court, as the general rule is, where a case has been tried by the circuit judge without a jury, on reversal or finding error in his judgment, to render such judgment here as he ought to have rendered. But when we can see from the record that injustice would be done, and that the right of the case requires a reversal, and that the case be remanded, we have always done so. The cases of *Wood* v. *Neely,* 7 Baxt., 586, and *Hurley & Son* v. *Buchi,* 10 Lea, 549, sustain this practice.

It is stated as a fact by counsel, and not seriously denied, that Leroy B. Settle, the purchaser, is dead, and plaintiffs, either as heirs or devisees, are entitled

to his property. We see one of the plaintiffs purports
to be executrix of Leroy B. Settle. While this would
not be sufficient ground of itself for remanding the
case, the other facts appearing in the bill of excep-
tions do furnish such ground. It is certain his Honor
could not have found for the plaintiffs on all the
questions involved in the case, up to the contested
decree, unless he had found they were entitled to the
title (that decree out of the way), of Leroy B. Settle.
It is also certain he was not called on to decide the
question of the effect of the decree at all, unless plain-
tiffs had shown title to the land, when the decree was
introduced, or their title depended on the decree. He
would simply have said, it is unnecessary to decide
upon the validity of this decree, as plaintiffs have
shown no right to have any title under that decree,
even· should it be the title was vested in Settle. But
he assumes the whole case, as it did in his view, turned
on the proper construction of this decree. This could
only be on the assumption that plaintiffs had shown
their right to the title acquired under it. We think
it probable the fact of the death of Leroy B. Settle
was notorious, and was conceded, and also the fact of
his title having been vested in· plaintiffs, therefore
no testimony was required on this subject, and so the
fact does not appear in the statements of the bill of
exceptions, which gives only the evidence.

To render judgment here under this state of facts,
which would be conclusive · on the title of complain-
ants ·would be to enforce a rule of practice logically
perhaps, or rather enforce a general rule, overruling

well established exceptions, at the sacrifice of justice and the right, as clearly appears from the record before us.

For these reasons the report of the Referees is disapproved, the judgment of the circuit court reversed, and the case remanded for a new trial.