EDGAR JACK *v.* KNOXVILLE FERTILIZER CO.*

(*Knoxville,* September Term, 1926.)

Opinion filed November 20, 1926.

**WORKMEN'S COMPENSATION ACT. Amount of compensation. Construction. Acts 1919, ch. 123, sub-sec. C. of sec. 28.**

Compensation for loss by accident of the ability to earn, resulting in dependency, is the key note in this legislation. Where compensation for temporary disability, and its modification afterwards to cover a period of permanent disability has been properly made; as relates to sub-sec. C. of section 28 of the Acts, providing "but in such cases the compensation in and by said schedule provided shall be in lieu of all other compensation," while the language is somewhat uncertain in its application, it would seem to have reference to the two classes of cases being dealt with in the paragraph: (1) The loss of the use of a member, and (2) the loss of the member; that is to say, that the compensation allowed for the loss of the use of a member shall be in lieu of all compensation for the loss of the member itself. (Post, p. 294.)

Cases cited: Cherokee Sand Co. v. T. O. Green, 152 Tenn., 412.

---

*As to amount of compensation recoverable by employee partially or totally incapacitated under Workmen's Compensation Act, see annotation in L. R. A., 1916A, 145, 259; 28 R. C. L., 820, 821; 3 R. C. L. Supp., 1599; 4 R. C. L. Supp., 1867; 6 R. C. L. Supp., 1762.

*Headnotes 1. Workmen's Compensation Acts, C. J., section 82; 2. Workmen's Compensation Acts, C. J., section 87.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.—
HON. A. C. GRIMM, Chancellor.

S. E. HODGES, for appellant.

R. M. McCONNELL, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the
Court.

While in the employ of the defendant the petitioner for
compensation suffered injuries to his left foot which be-
came infected, as the result of which he was totally dis-
abled for fifty-two weeks from the date of the injury,
and while after that time he was able to work, the injury
to the foot proved to be permanent to the extent of sev-
enty-five per cent of its use.   The controversy here re-
lates wholly to the amount of compensation.

The trial judge found that the petitioner was entitled
to fifty per cent of his weekly wages for the fifty-two
weeks of his temporary total disability, and in addition
thereto found him entitled to recover for fifty-four and
three-fourth weeks at the same rate, arriving at this re-
sult by deducting the fifty-two weeks of total disability
from the one hundred and twenty-five weeks fixed by the
Act for loss of a foot and allowing for seventy-five per-
centum of this time.

Both parties have appealed, the petitioner insisting
that the fifty-two weeks allowance for total disability
should not have been deducted from the seventy-five per-
centum of the one hundred and twenty-five weeks allowed
by the schedule for loss of a foot; and the defendant in-
sisting that the compensation should be limited to an al-

lowance of seventy-five percent of the one hundred and twenty-five weeks fixed by the schedule.

We find no error in the judgment of the circuit court. The case is definitely ruled by *Cherokee Sand Co. v. T. O. Green,* 152 Tenn., 412, in which the pertinent sections were reviewed and construed, and from which the instant case cannot be distinguished. The provision relied on by the defendant, quoted from sub-section C. of section 28 of the Act, "but in such cases the compensation in and by said schedule provided shall be in lieu of all other compensation," we do not understand to provide against an allowance for temporary total disability suffered by one whose permanent loss is covered by the schedule. Such a construction would do violence to the spirit of the Act as a whole, and often defeat its purpose. Compensation for loss by accident of the ability to earn, resulting in dependency, is the keynote in this legislation. The language is somewhat uncertain in its application, but would seem to have reference to the two classes of cases being dealt with in the paragraph, that is, (1) the loss of the use of a member, and, (2), the loss of the member; that is to say, that the compensation allowed for the loss of the use of a member shall be in lieu of all compensation for the loss of the member itself.

It results that the assignments of both parties will be overruled and the judgment affirmed.