MRS. BEULAH SLEDGE *v.* S. L. HUNT, *et al.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. WORKMEN'S COMPENSATION. EMPLOYER AND EMPLOYEE. CONTRACTOR AND CONTRACTEE.

In a case for workmen's compensation, where the defense is that the injured employee was an independent contractor, the fact that the employer did not reserve the right to direct and control the work is not controlling. (Post, p. 610.)

Citing: Odom v. Sanford & Treadway, 156 Tenn. (3 Smith), 202.

2. WORKMEN'S COMPENSATION. MASTER AND SERVANT. CONTRACTOR AND CONTRACTEE.

There is a presumption that one performing work for another is an employee, and the burden is upon the employer who seeks to be relieved from liability arising from such relation to show that the employee was an independent contractor. (Post, p. 610.)

Citing: 39 C. J., pp. 34, 38, 52.

3. WORKMEN'S COMPENSATION. MASTER AND SERVANT. SUB-EMPLOYEE.

Where it appears that an employee had employed another to assist in the work of the employer and that the employer knew of such employment, and the sub-employee was injured, the employer is liable under the Workmen's Compensation Act. (Post, p. 611.)

4. WORKMEN'S COMPENSATION. WAGES. FUNERAL EXPENSES. APPEAL.

In a workmen's compensation case, wherein the chancellor dismissed the petition and on appeal in this Court the chancellor is reversed, and where there is no controversy as to the amount of wages earned by the deceased, it is unnecessary to remand the case for entering judgment, which may be done in the Supreme Court. (Post, p. 612.)

Citing: Bowser v. Brown & White, Memo. Opinion, Knoxville, 1928; Schneider on Workmen's Compensation Law, Vol. 2, p. 1587.

5. APPEALS.   JUDGMENT.

The general rule in this Court is that where a case has been tried by a circuit judge without a jury, on reversal or finding error in his judgment, to render such judgment here as ought to have been rendered in the court below.   But where the court can see that injustice will be done thereby and that the rights of the case require reversal and remand, it will be sent back.   (Post, p. 612.)

Citing: Wood v. Neely, 66 Tenn. (7 Baxt.), 586; Hurley & Son v. Buchi, 78 Tenn. (10   Lea), 346; Settle v. Marlow, 80 Tenn. (12 Lea), 472; Jones v. Teleg. Co., 101 Tenn. (17 Pickle), 442.

---

FROM MONROE.

---

Appeal from the Circuit Court of Monroe County.— HON. PAT QUINN, Judge.

PEACE & SLOAN, for plaintiff in error.

R. M. McCONNELL and N. M. McDANIEL, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit under the Workmen's Compensation Act. The facts, as found by the trial court, are not questioned, and are as follows:

"The defendants rested their case without putting on any proof and from the petitioner's proof the Court finds that the Hunt Lumber Company was on September 1, 1926, engaged in lumber, timber cutting, and logging operations in Monroe County, Tennessee, and had

in its employ in said work, on and before said date, more than five men as set out in plaintiff's petition. Mrs. Beulah Sledge is the widow of. Joseph C. Sledge, and she has not married, and the petitioner and her deceased husband had four children as set out in plaintiff's petition. Joseph C. Sledge was injured by a falling tree while he was cutting timber in the woods, and he died from said injuries about September 3, 1926. Joseph C. Sledge, Earl Sledge, and John Sledge were all employed and paid by Jonah P. Sledge at the time Joseph C. Sledge was killed. Jonah P. Sledge was receiving a certain amount for each thousand feet of timber that he cut, the witnesses are not quite sure but they think it was $1.75 per thousand feet.

"Joseph C. Sledge received $2.50 per day from Jonah P. Sledge for his work, Jonah P. Sledge paid his men every two weeks paying them himself. Jonah P. Sledge owned his own saws, axes, and tools, buying and furnishing the same himself. Jonah P. Sledge quit cutting timber himself but kept his crew cutting, hauling them back and forth to work in his own car each night and morning and furnishing them with bills to cut by which he had received from Hunt Lumber Company. He would come to the woods sometimes in the morning and sometimes in the afternoon. When Jonah P. Sledge went to work in the knitting mill and left Joseph C., Earl and John Sledge cutting timber, Jonah offered to let Joseph C. Sledge have what was made out of the timber or pay him by the day either. Hunt Lumber Company would take men from the mill when they ran short of logs and would cut logs in the woods but not in the same place as the Sledge men were cutting. The defendant Hunt nor his company exercised no control over Joseph C. Sledge

or the timber cutting other than to furnish them bills for cutting the logs.

"From the above facts the Court is of the opinion and so finds that the petitioner has failed to make out her case. She has failed to make out a *prima-facie* case that Joseph C. Sledge was employed by the Hunt Lumber Company, but on the other hand the plaintiff's proof shows that Joseph C. Sledge was at the time of his injury and death employed by Jonah P. Sledge, an independent contractor. The defendants had no control over the petitioner's husband in any manner and there was not any connection between them in any way.

"The petition will be dismissed and the plaintiff, Mrs. Beulah Sledge and her sureties on the cost bond will be taxed with the costs."

It should be stated that The Hunt Lumber Company was a trade name adopted by S. L. Hunt, who was the sole owner of the business. It further appears that the sawmill of Hunt was located on a 400-acre tract of land known as the Gault land, and about 200 yards from the place where Joseph C. Sledge received the injury that resulted in his death. Hunt frequently came in the woods where the timber was being cut. Joseph C. and Jonah P. Sledge had been cutting timber from this 400-acre tract of land from three to seven months at the time of the accident.

The record is conspicuous for what it does not contain. The substance of the testimony is this: Hunt employed Jonah P. Sledge to cut timber at so much per thousand feet and Jonah P. Sledge employed his cousin, Joseph C. Sledge, to assist him, and the latter, while engaged in felling a tree, received an injury resulting in his death.

If Jonah P. Sledge was an independent contractor, as found by the trial court, then the petition was properly dismissed. On the other hand, if Jonah P. Sledge was a servant of Hunt, and he employed Joseph C. Sledge with the express or implied authority of his master, then the master would be liable.

(1) This record does not directly establish the relationship between Hunt and Jonah P. Sledge. The record is silent as to the principal elements constituting the relationship of contractor and contractee. It does not appear whether Hunt reserved the right to direct and control the work. That he did not, in fact, do so is not controlling. *Odom v. Sanford & Treadway,* 156 Tenn., 202.

(2) There is no proof as to the right of discharge, or as to other elements which bear upon the relationship. So that the inquiry is reduced to this: Where it appears, without more, that a person employed another to cut timber at so much per thousand feet, instead of so much per day, is the relationship of that of master and servant or contractor and contractee?

The word "servant" is ordinarily synonymous with "employee." 39 C. J., 34.

In the same book, on page 52, it is said:

"There is a presumption that one performing work and labor for another is an employee of such other, and the burden is upon the latter who seeks to be relieved from the liability arising from such relations to show the intervention of an independent contractor."

And on page 38 it is further said:

"A substitute employed by a servant, in accordance with a custom permitting such hiring, or with the implied knowledge of the master or his subsequent ratification, is entitled to the same protection as the servant,

and is bound by the terms and conditions of his predecessor's contract, and the fact that the employee receives his own regular wages does not affect the relation of the substitute to the master."

Tested by these rules, it would seem that the employment of Jonah P. Sledge having been shown, the relationship of master and servant would be presumed, and the burden would be on the defendant to show that Jonah P. Sledge was an independent contractor.

(3) With the relationship of master and servant established, we think the facts of this case justify the conclusion that Jonah P. Sledge was impliedly authorized to employ Joseph C. Sledge. It necessarily required two men to pull the saw and one to trim up and "notch" the trees. So that Hunt knew that Jonah P. Sledge had to have assistants. Hunt was out in the woods from time to time and necessarily knew that Joseph C. Sledge was engaged in assisting Jonah P. Sledge, and in that way he ratified his employment.

This presumption as to the relationship of master and servant is strengthened in this case by a letter which Hunt wrote to petitioner on November 29, 1926, in which the inference is plain that he considered himself liable; said letter being in the following language:

"I have your letter of November 26th, I thought you had received your first installment on compensation before now, and am very sorry that you have not, I am taking this up with the Insurance people tonight, and do hope they will send it to you. If you don't get anything from them in the next few days please write me again."

We hold, therefore, that the trial court was in error in finding that Jonah P. Sledge was an independent contractor, and his decree dismissing the petition will be reversed.

*(4)* There is no controversy as to the amount of wages that deceased was earning, *viz.*: $15 per week, which we consider quite reasonable. Under the Compensation Act the petitioner is entitled to one-half of that sum, or $7.50 per week for 400 weeks, and to $100 for funeral expenses.

We find it unnecessary to remand the case for the entering of judgment, which may be done in this court. This procedure was approved in a memorandum opinion filed at Knoxville on October 6, 1928, in the case of *Bowser* v. *Brown & White*, Green Law.

Where, upon appeal, the record contains the requisite data for making the computations, the decree may be modified accordingly without remanding the case. Schneider on Workmen's Compensation Law, vol. 2, p. 1587.

It is expressly provided in section 32 of the Act that the case shall be heard in the trial court without a jury; and that any party aggrieved by the decree of the trial court may "pray an appeal in the nature of a writ of error to the Supreme Court of Tennessee, where the cause shall be heard and determined in accordance with the practice governing other appeals in the nature of a writ of error in civil causes."

*(5)* The general rule in this court is that where a case has been tried by the circuit judge without a jury, on reversal or finding error in his judgment, to render such judgment here as he ought to have rendered. But where the court can see that injustice will be done thereby, and that the right of the case requires a reversal and a remand, it will be sent back: *Wood* v. *Neely*, 66 Tenn., 586; *Hurley & Son* v. *Buchi*, 78 Tenn., 346; *Settle* v. *Marlow*, 80 Tenn., 472; *Jones* v. *Telegraph Co.*, 101 Tenn., 442.