BROOKS *v.* MEMPHIS COMPRESS & STORAGE Co. *et al.*

(*Nashville,* December Term, 1948.)

Opinion filed January 17, 1949.

T. B. Passmore, of Memphis, for plaintiff in error.

Albert G. Riley, of Memphis, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a proceeding to enforce payment of compensation under the Workmen's Compensation Law, Williams' Code, sec. 6851 et seq., as amended, including

Chapter 139 of the Public Acts of 1947. The facts are stipulated and the only question presented on this appeal is the application of the 1947 amendment to Code Section 6878(c) which is:

"(c) Permanent partial disability.—In case of disability partial in character, but adjudged to be permanent, there shall be paid to the injured employee, in addition to the benefits provided by section 6875, and in lieu of all other compensation: (1) 60% of his average weekly wages for the healing period, which is defined as that period for healing of the injury immediately following the accident, not exceeding eight (8) weeks, subject to the same limitation as to minimum and maximum as provided in subsection (a) of this section, and (2) 60% of the average weekly wages, beginning at the end of the healing period in accordance with the following schedule."

Petitioner sustained a fracture at or near the ankle of his left foot which resulted in a temporary total disability from January 28, 1948, to June 19, 1948, a period of 21 weeks and a permanent partial disability to his left foot of 15%. During the period of temporary total disability defendants paid petitioner 60% of his average wages of $27 per week as required by the provisions of Code, Section 6878(a), and medical expenses as required by Code, Section 6875. In computing the proper allowance for the 15% permanent partial disability to petitioner's foot the trial judge allowed petitioner, under the provisions of Code, Section 6878(c), a healing period of eight weeks and 15% of 125 weeks for the permanent partial disability to his foot of 18.75 weeks, making a total of 26.75 weeks, from which he deducted the 21 weeks for which payment had been made for temporary total disability, under the provisions of Code, Section 6878(a),

ruling that petitioner was entitled to recover only for the remaining balance of 5.75 weeks. Petitioner has assigned error to this method of computation. In his opinion the trial judge expressed the view that the amendment of 1947 alters the previous ruling of adjudging compensation for temporary total disability followed by a permanent partial disability.

■ We do not agree with the trial judge's interpretation of the change provided by the 1947 amendment to Code Section 6878(c) above quoted. This amendment does not substitute a healing period of not exceeding eight weeks for the period of total temporary disability provided for by Code Section 6878 (a). Instead, the healing period has been provided to take care of a case of disability which does not cause any period of temporary total disability, and also any necessary period not exceeding eight weeks required for healing at the end of the period of total temporary disability following an accident. Such a construction is in accord with the long line of cases in this State which interpret our compensation law equitable to accomplish the purposes intended.

■ The correct computation applicable to this case is to deduct from the scheduled 125 weeks provided for the loss of a foot the 21 weeks temporary total disability for which payment has already been made, leaving a balance of 104 weeks. To this balance the permanent partial disability percentage of 15 is applied, resulting in 15.60 weeks for which petitioner is entitled to receive the scheduled disability allowance of 60% of his average weekly wages. Applying this method of computation, it appears that petitioner is entitled to recover 125-21= 104 x 15%=15.60 x 60% of $27.00=$252.72

■ ■ Defendants insist that the words contained in the amended Code, Section 6878(c) "in lieu of all other

compensation'' preclude allowance of temporary total disability in this case exceeding eight weeks. We do not agree with this contention believing that the quoted words apply only to compensation under subsection (c), following the reasoning stated by Justice CHAMBLISS in *Jack* v. *Knoxville Fertilizer Co.,* 154 Tenn. 292, 289 S. W. 500. Nor do we agree with the insistence of petitioner that since the 1947 amendment of Code Section 6878(c) the period of temporary total disability and the period for permanent partial disability run consecutively.

There is no controversy under the stipulation in this case as to the amount of wages petitioner was earning or the extent of his injury. Following our ruling in *Sledge* v. *Hunt,* 157 Tenn. 606, 12 S. W. (2d) 529, we do not find it necessary to remand this case.

Judgment is entered in this Court in favor of petitioner for $252.72 and costs of the case.

All concur.