**Gladys CONROY, Plaintiff-Appellant,**

**v.**

**CARTER AUTOMOTIVE PRODUCTS CORPORATION, Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

Nov. 1, 1982.

Eddie Taylor, Hartsville, for plaintiff-appellant.

W.A. Moody, Nashville, for defendant-appellee.

## OPINION

BROCK, Justice.

In this worker's compensation case the trial judge concluded that the evidence did not show that the plaintiff's disability arose out of and in the course of her employment; accordingly, he dismissed the complaint. Plaintiff has appealed and contends that there is no evidence in the record to support the conclusion of the trial court.

Of course, if there is any material evidence to support the finding of the trial court, it must be affirmed.

But, if there is no material evidence in the record to support the factual findings of the trial judge, it is our duty to reverse and this Court may enter the appropriate judgment if it finds that the trial judge erred in dismissing the employee's petition. *Sledge v. Hunt,* 157 Tenn. 606, 12 S.W.2d 529 (1928); T.R.A.P., Rule 36(a).

The only expert testimony in this record consists of the testimony of Dr. B.N. Lakshmikanth, a duly licensed orthopedic surgeon who examined, performed surgery upon and otherwise treated the plaintiff's injury in this case. Moreover, the only lay testimony in this record is that of the plaintiff herself and that of her husband. There is no other evidence; the defendant offered none.

We find that the evidence supports, indeed requires, the conclusion that plaintiff's back injury and resulting disability arose out of and in the course of her employment in that it was caused by her continued and repetitious bending, stooping and lifting in the course of her employment as a machine operator on an assembly line for the defendant. Dr. Lakshmikanth so testified in the course of his deposition which is in the record and was the only medical testimony presented to the trial judge. Moreover, the doctor reiterated in an affidavit attached to plaintiff's motion for a new trial that the plaintiff's injury was work related and was caused by her continual bending, stooping and lifting on

the job. This has been his consistent opinion since he first began examination and treatment of the plaintiff. His testimony was in no wise impeached or contradicted. There is no suggestion in the record that plaintiff's disability arose from any other cause.

That the plaintiff received a serious and disabling injury cannot be disputed. She had experienced pain in her low back once or twice prior to February 4, 1979, but pain became extremely severe on that date when she leaned over from her sitting position at her machine and attempted to pick up a pan full of parts for automobile fuel pumps. On this occasion, her pain was so severe that she became nauseous and had to quit her work. She visited her family physician on the next day, February 5, 1979, and he gave her some medication for the pain and stated his opinion that it was due to arthritis. She continued to perform her duties seven days a week, eight hours a day, until March 9, 1979, when she entered a hospital and Dr. Lakshmikanth, the orthopedic surgeon who had been called in by her family physician, performed a myelogram which disclosed a ruptured intervertebral disc in her low back. Later a hemilaminectomy was performed.

Dr. Lakshmikanth testified that as a result of this injury and surgery the plaintiff has sustained a 30 per cent permanent impairment of her body as a whole as of July 11, 1980. When asked whether or not the plaintiff's back injury was caused by a single act or resulted from continual and repetitious bending, stooping and lifting, the doctor testified:

"I think probably a continual type of work bending and picking up . . . not an isolated incident."

And, when asked whether or not the plaintiff's injury was "work related" the doctor testified: "I think so."

Plaintiff described her work as being "heavy" and consisting of bending, stooping and lifting which she did continually for eight hours per day, seven days a week for many months immediately prior to February 4, 1979. She had raised five children and had done the housework around her home. Approximately seven years prior to February 4, 1979, she had gone to work for the defendant and had remained on that job ever since. She denied having received any other back injuries. Her testimony was corroborated by that of her husband.

In addition to his error in concluding that the plaintiff's back injury did not arise out of and in the course of her employment with the defendant, we think that the trial court failed to apply the correct rule of law to the evidence in this case. It appears that he was of the opinion that an injury could not be considered to have arisen out of and in the course of employment unless it resulted from an "accident" in the form of a single occurrence identified by space and time. Thus, during the course of stating his findings of fact and conclusions of law at the conclusion of the trial he stated, in part, as follows:

"... There is not any way that I can find by a preponderance of the evidence that any accident she suffered at work caused this accident, *or that she had an accident*. ... I can't find that the necessary proof is here to show me that this thing had its inception with anything connected with her work, *or that there was an accident. Some kind of an accident has to occur* to make one entitled to worker's compensation." (Emphasis added.)

The following occurred when the plaintiff's attorney sought a clarification of His Honor's ruling:

"Mr. Taylor: Judge, for the purpose of the record, are you saying because you couldn't find an accident? Is that what—I just want to be sure I am clear on it.

"The Court: I don't want to have to repeat it again. She's got what I said."

■ The rule of law applicable to this case and which should have been applied by the trial judge is that when a condition has developed gradually over a period of time resulting in a definite work-connected, unexpected, fortuitous injury it is an "accident" within the Worker's Compensation

Act and is compensable. *Central Motor Exp., Inc. v. Burney,* 214 Tenn. 118, 377 S.W.2d 947 (1964); *St. Paul Ins. Co. v. Waller,* Tenn., 524 S.W.2d 478 (1975); *Laminite Plastics Mfg. Co. v. Greene,* Tenn., 561 S.W.2d 458 (1978).

Applying this rule of law to the evidence discussed above, we conclude that the injury and disability of the plaintiff resulted from an accident arising out of and in the course of her employment; there is no evidence to support the trial court's holding to the contrary.

The judgment of the trial court is reversed and this cause is remanded for the determination of the extent of temporary total disability and the extent of the permanent disability, for the determination of the medical expenses to which the plaintiff is entitled and the appropriate benefits for the disability found to exist and for such other purposes as may be appropriate and consistent with this opinion.

Costs are taxed against the appellee.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.