19-1357-cr
United States v. Zhi Zeng

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty.

PRESENT:  REENA RAGGI,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 19-1357-cr

ZHI ZENG,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:  CHI ENG, Eng Law Firm, Newark, NJ.

FOR APPELLEE:  RAJIT S. DOSANJH, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from an April 24, 2019 judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Zhi Zeng appeals from a judgment of conviction entered after a jury trial in the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>), at which he was found guilty of one count of transporting illegal aliens for purposes of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 8 U.S.C. § 1324(a)(1)(B)(i). Zeng challenges the District Court's denial of his pretrial motion to suppress evidence and of his posttrial motions for acquittal or a new trial.[1] We assume the parties'

---

[1] Zeng's suppression motion was denied by Chief Judge Suddaby. The case was then reassigned to Judge McAvoy, who presided over Zeng's trial, posttrial motions, and sentencing.

familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1. Motion to Suppress Evidence

Zeng first argues that the District Court should have suppressed statements he made while in custody and evidence obtained as the result of a search of his cellphone. "In considering challenges to the denial of a suppression motion, we review the district court's conclusions of law de novo and its findings of fact for clear error," viewing the record in the light most favorable to the Government. United States v. O'Brien, 926 F.3d 57, 72 (2d Cir. 2019).

Zeng acknowledges that he signed forms in English that purport to both waive his Miranda rights and consent to the cellphone search. But he claims that an intellectual disability that severely limits his ability to comprehend English prevented him from understanding the forms he signed. Neither intellectual limitations nor limited English language proficiency necessarily prevents a defendant from making a knowing and intelligent waiver of his rights. See United States v. Male Juvenile (95-CR-1074), 121 F.3d 34, 40 (2d Cir.

3

1997); Campaneria v. Reid, 891 F.2d 1014, 1020 (2d Cir. 1989). Instead, the District Court considers the totality of the circumstances to determine whether the Government has proven, by a preponderance of the evidence, that a Miranda waiver was both knowing and voluntary, or that consent to a search was "given freely and voluntarily." O'Brien, 926 F.3d at 73, 76.

Here, the District Court found that Zeng's intellectual limitations did not prevent him from understanding the content of the waiver and consent forms that he signed. In doing so, the District Court credited the testimony of three Border Patrol agents involved in Zeng's interviews. We discern no error in the District Court's decision. Before the agents explained Zeng's rights to him, Zeng stated that he was comfortable proceeding in English. He did not request an interpreter after being told that one was available. One of the agents carefully and deliberately reviewed and read the advice-of-rights form both verbatim and aloud to Zeng, pausing at the end of each line. Zeng then read the form himself. When the agent asked Zeng if he had any questions about his Miranda rights, Zeng replied, "No." Zeng signed the form after the agent explained that Zeng should do so only if he understood his rights and was

willing to speak. A nearly identical exchange followed with the consent-to-search form. Zeng's subsequent conduct and responses to the agents' questions confirmed that he spoke English and understood the agents.

Having credited the testimony of the agents and after acknowledging that Zeng was classified as learning disabled in high school, the District Court did not thereafter err in according the opinions of Zeng's two experts "somewhat less weight" because they rested on testing and interview methods that the experts failed to establish were reliable. Joint App'x 558.

For these reasons, we affirm the District Court's decision denying the motion to suppress.

### 2. Sufficiency of the Evidence

Next, Zeng argues that the trial evidence was insufficient to prove two of the elements of the offense of conviction, and that the District Court accordingly should have granted his Rule 29 motion for acquittal or Rule 33 motion for a new trial on that basis. Specifically, Zeng contends that the evidence failed to establish that he knew or consciously avoided knowing that his passengers were non-citizens present in the United States illegally, or that he willfully furthered

their illegal entry. We disagree. There was ample evidence of Zeng's knowledge and willfulness: Zeng traveled several hours from New York City to pick up the passengers in an area near the Canadian border frequently used to smuggle individuals illegally into the United States; Zeng was to be paid $850 for transporting the passengers; both passengers arrived without luggage and appeared anxious; Zeng falsely told Border Patrol agents that he was working for a car service and "that he was up on a fare today," Joint App'x 838; and a month prior to the events leading to his prosecution, Zeng had made a similar trip, arranged by the same person, to pick up two passengers at the same spot. For this reason, we agree with the District Court's decision to deny Zeng's Rule 29 and Rule 33 motions. See United States v. Alston, 899 F.3d 135, 143 (2d Cir. 2018).

### 3. The Prosecutor's Summation

Finally, Zeng argues that he was denied due process when the Government "tainted the jury with racial prejudice" in its closing argument. We have recognized that "racial remarks in a prosecutor's summation can constitute a violation of a defendant's right under the Due Process Clause to a

6

fair trial," and that "[e]ven a reference that is not derogatory may carry impermissible connotations, or may trigger prejudiced responses in the listeners that the speaker might neither have predicted nor intended." McFarland v. Smith, 611 F.2d 414, 416, 417 (2d Cir. 1979). "We have stated that, at least when the evidence of guilt . . . is not overwhelming, the correct test for determining whether a defendant's due process rights were violated by a prosecutor's racially prejudicial remarks is whether those remarks resulted in a probability of prejudice." United States v. Weiss, 930 F.2d 185, 196 (2d Cir. 1991) (quotation marks omitted). On review of the record, we agree with the District Court that the Government's jury summation implied at most that the language and ethnicity of the passengers were among several factors relevant to establishing Zeng's knowledge that they had entered illegally into the United States. Indeed, Zeng does not contend that it is entirely impermissible to consider these factors in establishing knowledge under § 1324(a)(1)(A)(ii). We conclude that the Government's reference to ethnicity and language in this case did not convey any "impermissible connotations" to the jury, McFarland, 611 F.2d at 417, result in a "probability of prejudice," Weiss, 930 F.2d at 196 (quotation marks omitted),

7

or otherwise deprive Zeng of due process or a fair trial.

We have considered Zeng's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

<div align="center" style="margin-left:auto;margin-right:0;width:50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>