

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

FILED
Nov 18, 2025
11:57 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

| | |
|---|---|
| Martha McCool | Docket No. 2022-08-0687 |
| v. | State File No. 99553-2019 |
| Professional Care Services, et al. | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | Heard October 23, 2025 Via Microsoft Teams |

---

**Affirmed in Part, Reversed in Part, Modified in Part, and Certified as Final**

---

In this compensation appeal, the employer challenges the trial court's order requiring it to authorize a second opinion examination on the issue of surgery, and the employee challenges the trial court's order denying her claim for attorney's fees. The employee was injured when she was attacked by a patient in the employer's parking lot in 2019, necessitating several surgeries. In 2023, the parties entered into a court-approved settlement agreement that left open the employee's entitlement to reasonable and necessary future medical expenses as provided in the statute. In 2024, the employee's authorized treating physician recommended additional reconstructive surgery, which the employer authorized. However, prior to agreeing to undergo this surgery, the employee asked for a second surgical opinion, which the employer declined to provide. The employee filed a petition asking the court to order the employer to authorize a second opinion examination and seeking an award of attorney's fees. Following a hearing, the trial court ordered the employer to authorize the second opinion examination and determined the employee was entitled to attorney's fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1)(B) but reserved ruling on the amount of any such award. The employer appealed that order. Before addressing the merits of the employer's appeal, we vacated, in part, the trial court's order and remanded the case for the court to consider and resolve all remaining issues, including the employee's claim for attorney's fees. Thereafter, the trial court issued an order denying the claim for attorney's fees under section 50-6-226(d)(1)(A), which the employee appealed. Upon careful review of the record, relevant statutes, and arguments of counsel, we affirm the trial court's orders in part, reverse them in part, modify them in part, and certify as final the modified orders for purposes of further appeal.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Brayden R. Hunter, Brentwood, Tennessee, for the employer, Professional Care Services

Jonathan L. May, Memphis, Tennessee, for the employee, Martha McCool

**Factual and Procedural Background**

Martha McCool ("Employee") worked for Professional Care Services ("Employer") as a psychiatric nurse practitioner. On October 7, 2019, Employee was attacked by a patient in Employer's parking lot and stabbed multiple times, suffering injuries to her abdomen, torso, upper extremities, head, and face. She was also diagnosed with post-traumatic stress disorder. In August 2023, the parties entered into a settlement agreement acknowledging the compensability of her claim. As part of the settlement, the parties agreed to leave open Employee's entitlement to "reasonable and necessary future medical expenses for the work injury" as ordered by her authorized treating physicians, including Dr. Dan Shell. The trial court approved that agreement on August 11, 2023.

In April 2024, Dr. Shell recommended additional surgery to reconstruct Employee's abdominal wall, and in May 2024, Employer authorized the additional surgery. However, prior to agreeing to undergo this additional surgery, Employee requested a second surgical opinion pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(C). Employer declined to authorize the second opinion examination, asserting it had authorized the surgery recommended by the treating physician, and the physician had not submitted a written order for a second opinion examination. As a result, Employee filed a request to resume mediation with respect to several issues, including her entitlement to a second opinion examination under the terms of the settlement agreement. Following unsuccessful mediation, Employee filed a request for a hearing.

In preparation for the hearing, the parties filed stipulations of fact and submitted certain exhibits for the court's consideration, including an email exchange between Employee, Dr. Shell's office, and Employer's insurer in which Dr. Shell's office stated that "Dr. Shell will be fine with her getting a second opinion from another plastic surgeon." In addition, Employee filed an email exchange between Employee and the insurer indicating that Employee was willing to select another plastic surgeon from the original panel of specialists Employer had provided for the second opinion examination. In response, the insurer declined to authorize a second opinion. In its pre-hearing brief, Employer argued that "there has not been a referral for a second opinion provided by . . . Dr. Shell." It further asserted that "Employee is the reason for the delay as [she] has refused to adhere to the treatment plan provided by the authorized treating physician." During oral argument, Employer further argued that it is up to authorized treating physicians to direct medical care and prescribe or order treatment that is reasonable and necessary under the circumstances of the case, including a second opinion examination, which it acknowledged falls within the meaning of "treatment" as described in section 50-6-204(a)(1)(A).

2

In response, Employee asserted that the relevant statutes express only one prerequisite to an employee's entitlement to a second opinion examination: a surgical recommendation from an authorized treating physician. Relying on Tennessee Code Annotated section 50-6-204(a)(3)(C), Employee argued that, under such circumstances, if an employee has already received a panel of specialists, he or she can select one of the remaining specialists on that panel for a second opinion examination. If no panel of specialists was ever given, the employer can provide a panel of two specialists for selection of a physician to provide a second opinion as to the issue of surgery and diagnosis. *See* Tenn. Code Ann. § 50-6-204(a)(3)(C). Employee also sought reasonable attorney's fees and expenses pursuant to Tennessee Code Annotated section 50-6-226(d)(1).

Following the hearing, the court issued an order on April 23, 2025, compelling Employer to authorize a second opinion examination regarding Dr. Shell's recommendation for additional surgery. Moreover, the court determined that Employee was entitled to an award of attorney's fees under Tennessee Code Annotated section 50-6-226(d)(1)(B), and it directed Employee's counsel to "file a motion for fees," after which Employer would have five days to respond.

On May 5, Employee's counsel filed a motion for attorney's fees as directed by the trial court. On May 15, Employer filed a notice of appeal as to the trial court's April 23 compensation order. Because the trial court's compensation order did not resolve all pending issues in the case, we remanded the case on July 10 for the court to address all unresolved issues, and we held Employer's appeal of the April 23 compensation order in abeyance until such time as the court issued an order resolving all remaining issues.[1]

On August 13, the trial court issued a supplemental order denying Employee's claim for attorney's fees under section 226(d)(1)(A). The court reasoned that a second opinion examination is not "treatment or care" as that term is used in section 226(d)(1)(A) and, therefore, Employee is not entitled to a fee under that subsection.[2] Employee filed her notice of appeal on August 19.

---

[1] We also directed the trial court to address on remand the change in the statutory language of subsection 226(d)(1)(B), which allows the trial court to award attorney's fees when the employer "[u]nreasonably denies a claim or unreasonably fails to timely initiate any of the benefits" to which the employee is entitled. The previous version of the statute had allowed an award of fees when the denial was "wrongful." As the court had specifically awarded attorney's fees pursuant to 226(d)(1)(B) based on a finding of wrongfulness, we directed the court to address whether Employee was entitled to attorney's fees under the current version of the statute. However, following our remand, Employee filed a supplemental motion for fees and asked the court to consider whether she was entitled to an award of fees only under subsection 226(d)(1)(A).

[2] In its order denying Employee's claim for attorney's fees, the trial court noted that Employer had argued a second opinion examination does not constitute "treatment" under sections 204 and 226(d)(1) but is "merely an evaluation." During oral argument, however, Employer clarified that, in its view, a second opinion examination falls within the definition of "treatment or care" as that term is used in section 226(d)(1)(A) *if* that second opinion examination is ordered by an authorized physician.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

## Analysis

This appeal presents two issues of statutory interpretation: (1) under what circumstances an employee is entitled to a second opinion examination under section 50-6-204(a)(3)(C); and (2) under what circumstances an employee is entitled to an award of attorney's fees under section 50-6-226(d)(1)(A).

As we have noted previously, the Tennessee Supreme Court has expressed the following tenets of statutory construction:

> When construing a statute, our goal is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. We determine legislative intent from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning. Further, Tennessee Code Annotated § 50-6-116 (2017) provides that the workers' compensation statutes "shall not be remedially or liberally construed but shall be construed fairly, impartially, and in accordance with basic principles of statutory construction[,] and this chapter shall not be construed in a manner favoring either the employee or the employer." In addition, we must construe a statute so that no part will be inoperative, superfluous, void[,] or insignificant. We are required to give effect to every word, phrase, clause[,] and sentence of the act in order to achieve the Legislature's intent[,] and we must construe a statute so that no section will destroy another.

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *24-25 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (internal citations and quotation marks omitted).

*Second Opinion Examinations*

Tennessee Code Annotated section 50-6-204 governs an employee's right to medical care under the Tennessee Workers' Compensation Law. In general, section 204(a)(1)(A) describes an employer's obligation to provide medical treatment "made reasonably necessary" by a work-related accident or injury. In circumstances where an employee reports a work-related accident or injury and requests medical care, an employer is generally obligated to offer the employee a panel of medical providers for selection of a treating provider. *See* Tenn. Code Ann. § 50-6-204(a)(3)(A); *but see McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015) (describing circumstances in which an employer may choose not to provide a panel). When the original authorized provider determines a referral to a specialist is reasonable and necessary, that provider can "make referrals to a specialist physician, surgeon, or chiropractor." Tenn. Code Ann. § 50-6-204(a)(3)(A)(ii). Thereafter, subsection 204(a)(3)(C) provides as follows:

> When the treating physician or chiropractor refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician or chiropractor from a panel of two (2) physicians practicing in the same specialty as the physician who recommended the surgery. In cases where the employer has provided a panel of specialists pursuant to subdivision (a)(3)(A)(i) of this section, the employee may choose one (1) of the two (2) remaining specialists to provide a second opinion on the issue of surgery and diagnosis. The employee's decision to obtain a second opinion shall not alter the previous selection of the treating physician or chiropractor.

Tenn. Code Ann. § 50-6-204(a)(3)(C). In the circumstances presented in the instant case, we must interpret this language to determine whether an authorized treating physician who has recommended surgery must specifically order a second opinion examination as a prerequisite to an employee's entitlement to such an examination. For the following reasons, we conclude that, in compensable cases, an employee is entitled to a second opinion examination when an authorized treating physician recommends surgery, and the relevant statute contains no requirement that the physician who recommended surgery "order" a second opinion examination.

First, we conclude that the phrase at the beginning of subsection 204(a)(3)(C) ("When the treating physician or chiropractor refers the injured employee") is ambiguous. Employer insists that language requires the authorized treating physician who has

recommended surgery to "refer" the employee for a second opinion examination. However, that is not the only possible interpretation of that phrase. It is equally plausible that the phrase relates back to subsection (a)(3)(A)(ii) in describing circumstances where an original treating physician refers the employee to a specialist, who then recommends surgery. Another possibility is that the phrase refers to circumstances in which an authorized treating physician refers the employee specifically for surgical treatment.[3]

Second, when statutory language is deemed to be ambiguous, we must look to legislative intent. As directed by the Supreme Court, legislative intent can be determined from the "natural and ordinary meaning of the statutory language within the context of the entire statute." *Thompson*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *24. We can also consider the history of amendments made to the statute in question. *See, e.g.*, *Van Tran v. State*, 66 S.W.3d 790, 798 (Tenn. 2001). For example, in 2001, the section of the statute addressing an employee's right to a second opinion examination stated:

> In circumstances where an employee is offered a treating panel as described in subdivision (a)(4)(D), the injured employee *shall be entitled to have a second opinion on the issue of surgery*, impairment, and a diagnosis from that same panel of physicians selected by the employer.

Tenn. Code Ann. § 50-6-204(a)(4)(E) (2001) (emphasis added). At the time, subsection 204(a)(4)(D) addressed cases in which the injury or illness required treatment by an orthopedic surgeon or neurosurgeon and in which a panel of five physicians with no more than four of them associated in practice was provided by the employer. Thus, pursuant to the 2001 version of the relevant statute, if an authorized treating orthopedic surgeon or neurosurgeon on such a panel recommended surgery, the employee "shall be entitled to" a second opinion on the issue of surgery. *See* Tenn. Code Ann. § 50-6-204(a)(4)(D) (2001). Nothing in this earlier version of the statute required the physician who recommended surgery to "order" a second opinion examination for the employee to be entitled to it.

Moreover, when the statute was amended again in 2013, the language of the "second opinion" provision was changed to read as follows:

> When the treating physician refers the injured employee, the employee shall be entitled to have a second opinion on the issue of surgery and diagnosis from a physician specified in the initial panel of physicians provided by the employer pursuant to subdivision (a)(3)(A). The employee's decision to obtain a second opinion shall not alter the previous selection of the attending physician.

---

[3] For example, circumstances in which a general practitioner diagnoses a hernia and refers the employee to a general surgeon for surgical repair could satisfy the requirements of subsection 204(a)(3)(C). *See, e.g.*, *Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *3 (Tenn. Workers' Comp. App. Bd. July 31, 2015).

Tenn. Code Ann. § 50-6-204(a)(3)(C) (2013). Notably, the General Assembly added the last sentence, which discusses "the *employee's decision* to obtain a second opinion." (Emphasis added.) That language remains in the current version of subdivision (a)(3)(C).

In sum, we conclude the first phrase of subsection 204(a)(3)(C) describes circumstances in which an authorized treating physician refers an employee to a specialist, who then recommends surgery, or the original panel-selected physician refers the employee to a specialist for surgical treatment. Moreover, the second sentence of subsection 204(a)(3)(C) addresses an employee's entitlement to a second opinion when the original panel-selected physician recommends surgery. In any of those circumstances, the employee's right to a second opinion examination is triggered when an authorized physician recommends surgery. At that point, the employee is entitled to a second opinion either from a new panel of two specialists in the same specialty or from one of the two remaining specialists on a prior panel of physicians from which the current authorized physician who recommended surgery was selected. Thus, the only prerequisite to an employee's entitlement to a second opinion examination pursuant to subsection 204(a)(3)(C) is a surgical recommendation from an authorized treating physician.

During oral argument, Employer described this scenario as a potential "carve out" to the general rule that an employer need only authorize reasonable and necessary medical treatment that has been ordered by an authorized physician. Whether subsection 204(a)(3)(C) is described as a "carve out" or an "exception to the general rule," we agree. We conclude the General Assembly's intent was to recognize that surgery, which is both invasive and traumatic, is a specific form of medical treatment that merits additional consideration in the form of a second opinion examination *when requested by the employee*. In support of this interpretation, we note that the Legislature specifically stated that an employee "shall be *entitled to* have a second opinion on the issue of surgery," and that a second opinion examination is the "employee's decision," indicating their intent to assign that right to the employee. Tenn. Code Ann. § 50-6-204(a)(3)(C) (emphasis added). We find nothing in the language of this subsection that limits such an entitlement only to cases where the authorized physician recommending surgery has "ordered" a second opinion examination.

Finally, we note this is not the only provision in section 50-6-204 that obligates an employer to pay for a medical examination not ordered by an authorized treating physician. For example, subsection 204(d)(3) obligates the employer to "pay for the services of the physician" who examines the employee pursuant to the employer's request under subsection 204(d)(1). Subsection 204(d)(4) specifically states that if a party requests an examination from a physician listed on the Bureau's medical impairment registry, "[a]ll costs and fees for an independent medical examination and report made pursuant to this subdivision (d)(4) shall be paid by the employer." Subsection 204(d)(8) states that in circumstances where the court appoints a "neutral physician . . . to make an examination of the injured person," the employer is obligated to pay one-half of such expenses. Hence,

contrary to Employer's argument, there are multiple circumstances described in section 204 that obligate an employer to incur medical expenses *not* ordered by an authorized treating physician. The employee's right to request a second opinion examination when an authorized treating physician has recommended surgery is but one of those circumstances. As a result, we find Employer's argument on this issue to be without merit. We affirm the trial court's order compelling Employer to authorize and pay for a second opinion examination with one of the two physicians from the original panel of specialists offered to Employee or, if the selected physician declines the request, from a new panel of two physicians in the same specialty as Dr. Shell.

*Entitlement to Attorney's Fees*

Tennessee Code Annotated section 50-6-226(d)(1) describes certain circumstances in which an employee's attorney may be awarded a fee in addition to any fees awarded under subsection 226(a)(1). It states, in relevant part, that the Court of Workers' Compensation Claims may award reasonable attorney's fees and costs when the employer "[f]ails to furnish appropriate medical . . . treatment or care . . . provided for in a settlement . . . or judgment under this chapter . . . ." Tenn. Code Ann. § 50-6-226(d)(1)(A). In the present case, the parties entered into a settlement agreement that was incorporated into a judgment of the court in August 2023. That agreement provided, in relevant part:

> Employer agrees to pay for reasonable and necessary future medical expenses for the work injury under Tennessee Code Annotated section 50-6-204. Dr. Greg Kyser, Dr. Rad Andrews, and Dr. Dan Shell are the authorized treating physicians for future care (or a panel of physicians will be offered, if necessary, in accordance with the Tennessee Workers' Compensation Act).

Significantly, the agreement did not purport to limit Employer's future obligations to cover only medical treatment or care *ordered by an authorized treating physician* but instead stated Employer was obligated to cover any medical expenses to which Employee may be entitled under section 50-6-204. During oral argument, the parties agreed that a second opinion examination qualifies as "treatment or care" under section 50-6-204, but they disagreed as to the circumstances in which an employer can be compelled to authorize and pay for such an examination. As stated above, we agree with Employee that a second opinion examination is an entitlement given to the employee when an authorized treating physician has recommended surgery.[4]

---

[4] Both parties acknowledged during oral argument that a second opinion examination qualifies as "treatment or care" under section 204. We agree. The right to a second opinion examination is described in section 204(a)(3)(C), which is itself contained in the larger section of the Workers' Compensation Law defining various aspects of medical treatment or care. For purposes of this analysis, we conclude a second opinion examination is no different than a medical consultation requested by an authorized treating physician, a medical examination requested by an employer under section 204(d)(1), a medical impairment registry

With respect to the claim for attorney's fees, we agree with Employee that subsection 226(d)(1)(A) requires no qualitative analysis as would be required under subsection 226(d)(1)(B), *i.e.*, we are not called upon to determine whether Employer's actions were "unreasonable." Employer either provided the medical benefits as described in the court-approved settlement agreement, or it did not. Here, Employer declined to provide a medical benefit to which Employee was entitled under the terms of both the settlement agreement and section 50-6-204. Thus, we conclude Employee's attorney is entitled to a fee, and we reverse the trial court's August 13, 2025 order denying Employee's claim for an attorney's fee under subsection 226(d)(1)(A).

The more difficult question is whether our finding on this issue necessitates another remand. Employee filed her motion for attorney's fees in May 2025 with supporting documentation, including an affidavit from her attorney and a line-by-line itemization of the attorney's time spent on the case. After we remanded the case in July 2025, Employee filed a supplemental motion for attorney's fees, again with a supporting affidavit and itemization of time. Employer responded to the motion and objected to Employee's entitlement to attorney's fees, but it did not challenge the affidavit or refute the itemization of time spent. After Employee filed its notice of appeal as to the attorney's fee issue, both parties submitted briefs addressing this issue. In its brief, Employer again challenged Employee's entitlement to an attorney's fee, but it did not challenge the supporting affidavit or itemization of time spent.

The Tennessee Supreme Court has addressed circumstances in which an appellate tribunal can modify a trial court's judgment without remand. In *Sledge v. Hunt*, 12 S.W.2d 529, 531 (Tenn. 1928), the Court stated that "[w]here, upon appeal, the record contains the requisite data for making the computations, the decree may be modified accordingly without remanding the case." Similarly, in *Clendening v. London Assurance Co.*, 337 S.W.2d 603, 606 (Tenn. 1960), the Court explained that an appellate tribunal can "render such judgment here, without remand, as should have been rendered by the court below, except where the damages to be assessed are uncertain." Finally, in *Conroy v. Carter Automotive Products Corp.*, 640 S.W.2d 831, 831 (Tenn. 1982), the Supreme Court stated that it "may enter the appropriate judgment if it finds that the trial [court] erred in dismissing the employee's petition."

In addition, we note that the Legislature empowered the Bureau of Workers' Compensation to develop and maintain "an organizational structure to ensure fair, equitable, *expeditious, and efficient* administration of the workers' compensation law." Tenn. Code Ann. § 4-3-1409(b)(2)(A) (emphasis added). Here, Dr. Shell recommended surgery in April 2024; it has now been over 18 months since that recommendation was

---

examination requested under section 204(d)(4), or an independent medical examination ordered by the court under section 204(d)(8). All such examinations fall under the umbrella of "treatment or care" regardless of which party or parties are obligated to pay for such an examination.

made. Employee's request for an order compelling Employer to authorize the second opinion examination was filed in November 2024. The initial appeal in this case was filed in May 2025, after which we remanded the case in July 2025. A second notice of appeal was filed in August 2025, and oral arguments were conducted in October 2025. Another remand for the sole purpose of addressing the amount of attorney's fees to be awarded based on the record already before us would present a further delay of months, after which either party would have the opportunity to file a third appeal to us. Under the particular circumstances of this case, we find such a process would be the opposite of "expeditious" and "efficient."

As noted above, Employer has challenged Employee's entitlement to attorney's fees under these circumstances, but it has not objected to or refuted Employee's attorney's affidavit or itemization of time spent on the case. In *Scruggs v. Amazon.com Services, LLC*, Nos. 2021-08-0875, 2021-08-0876, 2022 TN Wrk. Comp. App. Bd. LEXIS 46 (Tenn. Workers' Comp. App. Bd. Dec. 19, 2022), we affirmed an award of attorney's fees of $10,080.00 in a similar case involving the same employee's attorney and the same defense firm as are representing the parties in the present case. Here, the affidavit and itemization submitted by Employee's attorney document twenty-nine hours of work related to the current petition to compel a second opinion examination, which we conclude is reasonable under the circumstances. We further conclude that an hourly rate of $350 is appropriate given that such a rate has been approved in prior similar cases. *See, e.g.*, *Otey v. Asplundh Tree Expert Company*, No. 2021-02-0655, 2023 TN Wrk. Comp. LEXIS 84 (Tenn. Ct. of Workers' Comp. Claims Nov. 15, 2023); *Batey v. Beacon Hill Staffing* Grp., LLC, No. 2022-06-1666, 2023 TN Wrk. Comp. LEXIS 61 (Tenn. Ct. of Workers' Comp. Claims Sept. 13, 2023); *Ruggieri v. Amazon.com, LLC*, No. 2020-06-1452, 2023 TN Wrk. Comp. LEXIS 17 (Tenn. Ct. of Workers' Comp. Claims Mar. 16, 2023); *Goodman v. BellSouth Telecomms., LLC*, No. 2019-01-0820, 2022 TN Wrk. Comp. LEXIS 76 (Tenn. Ct. of Workers' Comp. Claims Dec. 20, 2022). We therefore modify the trial court's judgment to award Employee's attorney a fee of $10,150.00 under Tennessee Code Annotated section 50-6-226(d)(1)(A).

**Conclusion**

For the foregoing reasons, we affirm in part, reverse in part, and modify in part the trial court's April 23 compensation order and its August 13 post-trial order as specified above. We also certify the modified orders as final for purposes of further appeal. Costs on appeal are taxed to Employer.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

Martha McCool

v.

Professional Care Services, et al.

Docket No.  2022-08-0687

State File No.  99553-2019

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

Heard October 23, 2025
Via Microsoft Teams

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of November, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|---------------|------------------|---------|-----------|----------|
| Gregory H. Fuller<br>Brayden R. Hunter | | | | X | ghfuller@mijs.com<br>brhunter@mijs.com |
| Jonathan L. May | | | | X | jmay@forthepeople.com<br>jvavak@forthepeople.com |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov